UNITED STATES of America,
Plaintiff-Appellant,

v.

Dennis Michael FINN et al.,
Defendants-Appellees.

No. 72–1953.

United States Court of Appeals,
Seventh Circuit.

Argued June 7, 1974.

Decided Sept. 12, 1974.

James R. Thompson, U. S. Atty., Gary L. Starkman, Asst. U. S. Atty., Chicago, Ill., Peter M. Shannon, Jr., Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Richard A. Makarski, Stephen E. Kitchen, Anna R. Lavin, Chicago, Ill., for defendants-appellees.

Before CLARK, Associate Justice,* CUMMINGS, Circuit Judge, and BEAMER, Chief District Judge.**

CUMMINGS, Circuit Judge.

The indictment in this case charged sixteen defendants and two others with conducting an illegal gambling business involving five or more persons in violation of 18 U.S.C. § 1955. Defendants David Sprakfa, Charles Finn and Dennis Finn were also charged in additional counts with using a telephone in interstate commerce to carry on an illegal

---

* Honorable Tom C. Clark, Associate Justice (Retired) of the Supreme Court of the United States, is sitting by designation.

** Chief District Judge George N. Beamer of the Northern District of Indiana is sitting by designation.

gambling business in violation of 18 U. S.C. § 1952. After the Government advised the defendants that it intended to introduce at trial evidence obtained from wire communications intercepted pursuant to court authorizations, the defendants filed various motions to suppress the evidence.

■ The district court entered an order suppressing evidence from the wiretaps on the ground that the Department of Justice authorizations for the court orders approving interceptions did not comply with 18 U.S.C. § 2516(1). In the light of the subsequent holding in the similar case of United States v. Chavez, 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380, this suppression order was erroneous.

At the same time, the district court ordered that all evidence and the fruits thereof obtained by the use of pen registers must be suppressed, stating as follows:

"it is clear that the use of 'pen registers' is not governed by the standards set up in Title 18 U.S.C. Sec. 2510 et seq. Therefore, the use of the 'pen register' in the instant case is governed by * * * [Title] 47 U.S.C. Sec. 605, as construed by the 7th Circuit Court of Appeals in United States v. Dote, 371 F.2d 176 (1966). On the authority of that case, it is ordered that all evidence and the fruits thereof obtained by use of the 'pen register' be and are hereby suppressed."

On December 10, 1970, District Judge Austin authorized the use of a pen register in connection with a fifteen-day interception of certain telephone communications. On January 7, 1971, a similar order was entered for another ten-day period. Assuming that the use of these pen registers involved a search (see United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341, n. 4 (concurring and dissenting opinion of Justice Powell)), it should be noted that the two court orders authorizing the use of a pen register were based on affidavits of FBI Special Agent Bobby R. Gill-ham. The first affidavit consisted of thirty pages and satisfied Judge Austin that there was probable cause for him to authorize the use of the pen register. The second affidavit was sixteen pages in length and showed continuing probable cause for another ten-day authorization.

■ Some defendants argue that the showing of probable cause was insufficient. The Government questions our jurisdiction to consider this issue, arguing that 18 U.S.C. §§ 2518(10)(b) and 3731 make no provision for cross-appeals and that the district judge did not pass on the probable cause issue. We see no reason not to apply the general rule that an appellee may rely on any ground in support of the judgment. Langnes v. Green, 282 U.S. 531, 538–539, 51 S.Ct. 243, 75 L.Ed. 520; Dandridge v. Williams, 397 U.S. 471, 475–476, n. 6, 90 S.Ct. 1153, 25 L.Ed.2d 491. The order appealed from is that certain evidence be suppressed, and if we should find that the warrant issued without probable cause, that order must be affirmed. We of course have discretion to remand this issue to the district court if we wish the benefit of that court's views or if the record in incomplete. *Dandridge, supra.* But we need not do so, and any rule that we must would be inconsistent with considerations of judicial economy and judicial restraint. Such a procedure could easily trigger two pretrial appeals by the Government, a result inconsistent with the reason behind the statutory direction that appeals under Sections 2518(10)(b) and 3731 be diligently prosecuted. It is also easy to imagine a case where the Government's proposed rule would require us to resolve a constitutional issue when the case could be disposed of on the basis of a statutory issue overlooked by the parties below. We conclude that the Government's appeal conferred jurisdiction to determine whether there was probable cause for electronic surveillance.

■■ Defendants argue that probable cause was lacking because the infer-

ence mandated by 18 U.S.C. § 1955(c)[1] is unconstitutional, the involvement of defendant Charles Finn was insufficiently shown, and the informant regarding unindicted co-conspirator Chester Labiak was not reliable. We reject these arguments. The constitutionality of 18 U.S.C. § 1955(c) has already been established (United States v. Palmer, 465 F.2d 697, 699 (6th Cir. 1972), certiorari denied, 409 U.S. 874, 93 S.Ct. 119, 34 L.Ed.2d 126), and we adopt the reasoning of that case. The reliability of the informant as to Labiak was adequately shown by past experience. See p. 17 of Exhibit 7 to Government's answer to defendant Scapillato's motion to suppress.

Pages 6 and 19–23 of the same exhibit show probable cause as to the involvement of Charles Finn. The affidavit incorporates multiple levels of hearsay, and the primary attack on its sufficiency is that the ultimate informant is not shown to be reliable. The ultimate informant is described as a Chicago bookmaker; there are no representations that he is known to be reliable. He charged that Charles Finn was running a gambling business from two specified phone numbers. Independent investigation showed that Finn frequently visited the address where one of these phones was located. This is equivalent to the affidavit which was held insufficient in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. However, there is an additional corroborating fact here which was not present in Spinelli. The Chicago bookmaker was observed phoning the relevant numbers and placing bets and exchanging line information with persons at those numbers. The *Spinelli* opinion hinted that this would be sufficient corroboration (393 U.S. 416, 89 S.Ct. 584) and we conclude that it is. The calls were observed

by an informer referred to as source number one, who was known from lengthy past experience to be reliable and who explained the source of his information. Source number one informed Special Agent Inserra, who may be presumed reliable by virtue of his position, and he informed the affiant of his information and its sources. Multiple hearsay is of course acceptable so long as the reliability and source of knowledge of each declarant is sufficiently shown. United States v. Carmichael, 489 F.2d 983, 986 (7th Cir. en banc 1973); United States v. Wilson, 479 F.2d 936, 941 (7th Cir. en banc 1973).

Defendants also argue that the pen registers were forbidden by United States v. Dote, 371 F.2d 176 (7th Cir. 1966) and 47 U.S.C. § 605. *Dote* relied on what is now the second sentence of Section 605; that sentence has since been amended to apply only to radio communications and is therefore irrelevant. Korman v. United States, 486 F. 2d 926, 931–932 (7th Cir. 1973). Defendants therefore rely on the first sentence of Section 605, which provides:

"Except as authorized by Chapter 119, Title 18, no person receiving, assisting and receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the

---

1. 18 U.S.C. § 1955(c) provides:

"If five or more persons conduct, finance, manage, supervise, direct, or own all or part of a gambling business and such business operates for two or more successive days, then, for the purpose of obtaining warrants for arrests, interceptions, and other searches and seizures, probable cause that the business receives gross revenue in excess of $2,000 in any single day shall be deemed to have been established."

master of a ship under whom he is serving, (5) in response to a subpena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority."

The introductory exception does not help the Government, for a pen register does not hear sound and chapter 119, Title 18, authorizes only the "aural acquisition" of communications. 18 U.S.C. §§ 2510(4), 2516(1); Korman v. United States, 486 F.2d 926, 931 (7th Cir. 1973); see also United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L. Ed.2d 341 (Powell, J. concurring in part and dissenting in part).

The first sentence of Section 605 does not apply to Government investigators, but only to persons assisting in receiving or transmitting the communication. The record is silent, but so that the issue can be resolved without remand we assume that as in *Dote,* the Government enlisted the aid of a telephone company in installing the pen registers. We will assume for the same reason that the statute applies to any telephone company employee. Compare United States v. Covello, 410 F.2d 536, 541 (2d Cir. 1969) and Hanna v. United States, 393 F.2d 700, 708–709 (Hughes, J. dissenting), on rehearing, 404 F.2d 405, 408 (5th Cir. 1968), with Hanna v. United States, 393 F.2d 700, 705 (5th Cir. 1968) (opinion of Rives, J. announcing result) and Bubis v. United States, 384 F.2d 643, 646–647 (9th Cir. 1967).

■ We come then to the heart of the problem. The first sentence of Section 605 appears on its face to forbid divulgence of any communication to any of six groups of persons.[2] The comma after "reception" indicates that what follows is not part of the "except through authorized channels" clause, and numbered clause (1) is surely intended to list persons to whom a communication should not be revealed. Under normal canons of construction, parallel and sequentially numbered clauses would all bear the same relationship to the rest of the sentence. Facially, it would appear that Congress has absolutely forbidden the divulgence of pen register records, *e. g.,* in response to a subpoena (clause 5) or on demand of other lawful authority (clause 6). Such a literal result would be at war with the Congressional intent to permit pen registers. S.Rep.No.1097, 90th Cong., 2d Sess. at 90 (1968), 1968 Code Cong. & Admin.News, p. 2178.

The statute cannot be read as defendants rather halfheartedly contend, for that would result in the following absurdities: Clauses (2) through (6) would be rendered meaningless, for all of those categories are completely covered by the more general clause (1). On the other hand, clauses (2) through (6) would make perfect sense as exceptions to the general prohibition of clause (1), and as such would harmonize with the Congressional policy. Clause (6) presents a special problem if read literally; it would forbid divulgence of a communication "on demand of other lawful authority." So read, it would render all such demands unlawful and by its own terms would eliminate the very category to which it refers!

■ We conclude that clauses (2) through (6) were intended to be exceptions to the rest of the first sentence, thus listing persons to whom communications can be divulged. Such a construction is the only way to give effect to the Congressional intent. The same result was reached in *Korman, supra,* and in Justice Powell's *Giordano* opinion, *supra.* We are further reinforced by other decisions construing the predecessor statute the same way without adverting to the construction problem. Nardone v. United States, 302 U.S. 379, 380–381, 58 S.Ct. 275, 82 L.Ed. 314 (dictum); United States v. Covello, 410 F. 2d 536, 542 (2d Cir. 1969) (implied dictum); Hanna v. United States, 404 F.2d 405, 408 (5th Cir. 1968); Bubis v. United States, 384 F.2d 643, 647 (9th Cir.

2. The first sentence of Section 605 is not discussed in United States v. Brick, 502 F.2d

219 (8th Cir. 1974) on which the Government relies.

1967) (dictum); Brandon v. United States, 382 F.2d 607, 611 (10th Cir. 1967).

■ So construed, Section 605 does not forbid the pen registers at issue here. A search warrant supported by probable cause is a "demand of other lawful authority" within exception (6).

Finally, United States v. Giordano, 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380, does not support defendants. The pen register product suppressed there was the fruit of an otherwise illegal wiretap.

The order of the district court is reversed.