THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MAGER FINKLEA, Defendant-Appellant.

First District (4th Division)   No. 62194

Opinion filed July 28, 1976.

Howard T. Savage and Patricia Unsinn, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Mager Finklea, was charged with unlawful use of weapons in violation of section 24—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)), and after a bench trial in the Circuit Court of Cook County he was found guilty and sentenced to one-year probation.

The issue for review is whether there was probable cause to arrest the defendant based on information provided by a group of unidentified people who gave the arresting police officers a general description of the car driven by a man who waved a gun at them, and the car was stopped about one block away.

Officer Tim Gott and his partner of the Chicago Police Department were stopped on November 8, 1974, by a group of about four to six people 20 to 25 years old, who told them the driver of a white over green Cadillac had stopped and waved a gun at them. They said there was only one occupant in the car and the car was headed north on Kostner. The officers proceeded one block in the direction indicated, observed a vehicle fitting the description, and signaled the driver to pull over. As Officer Gott approached the car, he saw the defendant "doing something toward the center of the vehicle with his hands." The defendant denied having a gun when questioned, but a loaded .25-caliber weapon was found under the arm rest of the car. After arresting the defendant, the police officers drove past the place where they had been stopped by the group of people, but there was no one there.

The defendant's motion to suppress the gun was denied after a hearing, and the defendant was found guilty of unlawful use of weapons.

■■ The defendant first contends the general description of the car given to the officers was not sufficient to establish probable cause to arrest. He relies on the case of *People v. Mills* (1968), 98 Ill. App. 2d 248, 255, wherein the court stated that a general description is insufficient to provide the probable cause necessary to justify an arrest unless it is supported by other facts and circumstances known to the arresting officer.

In this case the defendant was arrested almost immediately and only one block from where the complaint was made. In addition, when the police officer approached the car, the defendant was observed "doing something toward the center of the vehicle with his hands." In the case of *People v. Watkins* (1974), 23 Ill. App. 3d 1054, the court held that

movement in a stopped car characterized as "bending" or "reaching down" entitled the officer to believe the defendant was armed.

Under these circumstances where pursuit and apprehension was immediate, and the defendant was observed making motions which might indicate the presence of a weapon, the arrest was not the result of a mere general description. The existence of reasonable cause which will justify an arrest without a warrant depends upon factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *Brinegar v. United States* (1949), 338 U.S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302; *People v. Jones* (1967), 38 Ill. 2d 427.

■■ It is also well established that, where there is probable cause to believe a car contains articles which offend against the law, a warrantless search is constitutionally permissible. *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280; *Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975.

■■ The defendant next contends the officers had no probable cause to arrest him because the information leading to his arrest had been supplied by unidentified individuals whose reliability had not been established. The law in Illinois is clear that police officers are justified in relying on information provided by ordinary citizens and the reliability requirement applicable to professional informers does not apply. *(People v. Hester* (1968), 39 Ill. 2d 489; *People v. Hoffman* (1970), 45 Ill. 2d 221; *People v. Rogers* (1975), 30 Ill. App. 3d 723 (abstract opinion).) In this case the police officers were stopped by a group of people who had seen the defendant wave a gun at them, and it is clear they were not tipsters or professional informers whose motives are suspect.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and BURMAN, J., concur.