THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MOSES CHILDS, Defendant-Appellant.

Third District   Nos. 78-87, 78-79, 78-82, 78-85, 78-86 cons.

Opinion filed January 9, 1979.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the orders of conviction entered in five separate cases by the circuit court of Will County after bench trials. The defendant, Moses Childs, had been charged with theft after he sold stolen property to undercover police.

During the spring of 1977 several law enforcement departments in the Joliet area operated a store which also served as a fencing operation. All transactions in the store were recorded on videotape.

On May 6, 1977, Childs sold to John Malone, an undercover officer, a 1977 Continental Mark V automobile. On June 13, 1977, Childs sold to Thomas Heavey, a federal agent, two cars and two firearms. On May 2, 1977, Childs sold to Heavey a 1976 Cadillac automobile. On May 14, 1977, Childs sold a rifle to undercover agents at the store. On July 13, 1977, Childs sold a stereo, a sewing machine, and a television set to officers.

Childs was later indicted for each separate sale. Prior to trial Childs filed an initial and an amended motion to suppress the videotape recordings which were made by the police and which showed Childs selling stolen property to the police. Childs' contention was that the authorization for the eavesdrop was overbroad and that police had not complied with the statutory procedures governing eavesdropping. That motion was denied.

On appeal Childs raises the issue that the trial court erred in denying his motion to suppress evidence because the authorization to eavesdrop was overbroad and violated his rights under article I, section 6 of the Illinois Constitution of 1970.

Judicial approval is required in Illinois before eavesdropping devices may legally be used. The procedure for obtaining judicial approval is contained in section 108A—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 108A—1). That paragraph provides that "The State's Attorney may authorize an application to a circuit judge for, and such judge may grant in conformity with this Article, an order authorizing or approving the use of an eavesdropping device by a law enforcement officer or agency having the responsibility for the investigation of any felony under Illinois law where any one party to a conversation to be monitored, or previously monitored in the case of an emergency situation as defined in this Article, has consented to such monitoring." After consent of one party to the conversation has been obtained, a written application under oath is made to a circuit judge who may grant approval to the application when the application includes the identity of the investigative or law enforcement officer making the

application and the name of the State's Attorney authorizing the application and a statement of the facts and circumstances relied upon including "* * * the identity of the person, if known, whose conversations are to be overheard by the eavesdropping device." (Ill. Rev. Stat. 1977, ch. 38, par. 108A—3(a)(2)(d). The authorization need not be for a specific period of time if the "nature of the investigation is such that the authorization for use of the device should not terminate automatically when the described type of communication is overheard or recorded, * * *." Ill. Rev. Stat. 1977, ch. 38, par. 108A—3(a)(3).

The original authorization for the eavesdrop in the instant case was for the period of 10 days. It was later extended for successive 10-day periods. The State's Attorney of Will County authorized his investigator to "* * * apply to a Circuit Judge for an order authorizing the use of an eavesdropping device to monitor all conversations of whatever nature to which John Malone, James Jorgensen, Leon Maxwell, Thomas Heavey may be a party, between 12:01 P.M. April 4, 1977, and 12:01 P.M. April 14, 1977, in connection with an investigation of the offense of Theft."

In support of his assignment of error Childs relies on *People v. Porcelli* (1974), 25 Ill. App. 3d 145, 323 N.E.2d 1. The court in *Porcelli* ruled that an authorization which was not limited to a particular conversation and to a particular person was insufficient under the eavesdrop statute then in effect. The court did concede that the conversation was still admissible because the officer who consented to the recording could testify regarding the contents of the conversation even though the recording of that conversation was inadmissible.

We believe that the *Porcelli* decision was based upon the language of the statute then in existence which permitted eavesdropping at the request of the State's Attorney and with the consent of one of the parties without giving guide lines for the granting of the request by the State's Attorney and also upon the belief of the court that the authorization for the taping of the conversation was given after the taping was done as a matter of course and not because an emergency situation required the taping and later obtaining of the authorization.

It also must be noted that *Porcelli* was decided before the passage of section 108A—3 (Ill. Rev. Stat. 1977, ch. 38, par. 108A—3), which became effective July 1, 1976.

We know of no case which makes the taping of every conversation unconstitutional. Even the *Katz* doctrine (*Katz v. United States* (1967), 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507) does not condemn every eavesdrop and does not make the eavesdrop unconstitutional per se. Only those eavesdrops which are made without the consent of at least one party to the conversation are unconstitutional. Since the application for judicial approval recites the consent of the undercover officers, we are not

faced with a constitutional question here. The restrictions on the recording of a conversation are statutory and not constitutional. *People v. Swimley* (1978), 57 Ill. App. 3d 116, 372 N.E.2d 887.

We must therefore examine the statute which outlines the procedure for obtaining judicial approval to determine if the grant of approval in the instant case was proper.

Section 108A—3(3) states that "a statement of the period of time for which the use of the device is to be maintained or, if the nature of the investigation is such that the authorization for use of the device should not terminate automatically when the described type of communication is overheard or recorded, a description of facts establishing reasonable cause to believe that additional conversations of the same type will occur thereafter." Ill. Rev. Stat. 1977, ch. 38, par. 108A—3(3).

The requirements of section 108A—3(3) permit a type of blanket surveillance. The usual type of surveillance is the one in which the officer is wired for sound and converses on a one-to-one basis with the suspect. In that type of surveillance there should be little question whose conversation is being recorded. By its nature, however, the store-front operation is uncertain. Anyone who enters is a potential seller of stolen property. The statement of facts and circumstances attached to the application for eavesdrop makes it apparent that several people took advantage of the store. It was impossible for the undercover officers to determine beforehand the identity of the person whose conversation was to be recorded and the time that the conversation would take place and the identity of the undercover officer to whom that person would speak.

Since the statute provides for this type of approval and since there is apparently no other complaint regarding the application, we find no error in admitting the evidence of the videotape.

For the reasons stated above, the judgment of the circuit court of Will County is hereby affirmed.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.