THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM MOSS, Defendant-Appellant.

Fifth District   No. 5—84—0251

Opinion filed June 3, 1985.

Jeffrey B. Levens and Gary L. Cline, both of Sturm & Levens, of Springfield, for appellant.

David W. Hauptmann, State's Attorney, of Harrisburg (Kenneth R. Boyle, Stephen E. Norris, and Vito A. Mastrangelo, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

After a jury trial in the circuit court of Saline County, defendant William Moss was found guilty of aggravated battery, robbery and burglary. Defendant appeals. The sole issue is whether the circuit court erred in refusing to suppress a tape recording obtained by the use of eavesdropping devices. We affirm.

The testimony at trial of the complaining witness, Jeannie Samet, was as follows: On October 28, 1983, working in cooperation with law enforcement agents, Samet was wearing hidden devices for transmitting and recording sounds. So equipped, and her progress monitored by the agents, she searched for and located Winifred Moss, from whom she was to purchase marijuana. She found Winifred Moss in the company of his brother, the defendant. A struggle ensued; Samet was beaten by both men and her money and certain other items were taken from her automobile.

Defendant was charged by information with aggravated battery, robbery, theft over $300, criminal damage to property, and burglary. The tape recording made during the events described by Samet was played before the jury at trial.

The "Petition for Order Authorizing Use of Eavesdropping Device" sworn to by Special Agent Larry Huggins of the Illinois Division of Criminal Investigation stated the identity of the party whose conversations were to be overheard as Winifred Moss; the stated purpose was to record evidence of a sale of marijuana to Samet. The court order authorizing use of the eavesdropping devices referred to the parties to be overheard and recorded as Winifred Moss and Samet. Subsequent to the eavesdrop itself, Agent Huggins petitioned for and was granted an order authorizing the use of eavesdropping devices with respect to the events concerning Samet and defendant.

■■ Use of an eavesdropping device to hear or record a conversation is a crime in Illinois unless all of the parties to such conversation consent or unless one party consents and the requirements of article 108A of the Code of Criminal Procedure of 1963 are satisfied. (Ill. Rev. Stat. 1983, ch. 38, pars. 14—2, 108A—1 *et seq.*) Each application for an order authorizing or subsequently approving the use of an

eavesdropping device must include, *inter alia*, details as to the felony that has been, is being, or is about to be committed, and the identity of the person, "if known," whose conversations are to be overheard by the eavesdropping device. (Ill. Rev. Stat. 1983, ch. 38, par. 108A—3(a)(2).) Each order authorizing or approving such use must state, *inter alia*, the identity of the nonconsenting person or persons, "if known," who will participate in the conversation. Ill. Rev. Stat. 1983, ch. 38, par. 108A—5(a)(2).

Defendant argues that his identity was "known" to the agent petitioning for eavesdrop authorization, and that the agent's failure to name defendant in said petition requires that the resulting tape recording be suppressed. The State argues that the issue is waived because the record on appeal does not reflect that defendant raised this issue in a post-trial motion, nor indeed that any post-trial motion was filed. We agree. (*People v. Harrawood* (1978), 66 Ill. App 3d 163, 166, 383 N.E.2d 707, 709.) While an exception to this general rule of waiver exists in the instance of plain error affecting substantial rights of the accused, such is not the present case, as in any event we find no error here.

One-party consent eavesdropping does not violate the fourth amendment to the United States Constitution. Therefore, any restrictions placed on recording the conversations are statutory, not constitutional. (*People v. Sylvester* (1980), 86 Ill. App. 3d 186, 190, 407 N.E.2d 1002, 1006.) The application should be viewed in a common-sense fashion. (*People v. Ellis* (1984), 122 Ill. App. 3d 900, 902, 461 N.E.2d 646, 649.) A reviewing court will not disturb the trial court's finding in a hearing on a motion to suppress unless the trial court's finding was manifestly erroneous. *People v. Long* (1983), 99 Ill. 2d 219, 231, 457 N.E.2d 1252, 1257.

In sections 108A—3(a)(2) and 108A—5(a)(2), the legislature has implicitly recognized that circumstances may exist where the name of the person whose conversation is to be overheard cannot be stated in the application or in the authorizing order. Such circumstances may exist, for example, in the case of "store front" investigative procedures, where the nature of the offense under investigation is known but the identity of the person whose conversation is to be overheard cannot be known in advance. (See *People v. Childs* (1979), 67 Ill. App. 3d 473, 385 N.E.2d 147.) We cannot conclude that the trial court manifestly erred in finding that such circumstances exist in the instant case. True, as defendant urges, defendant was previously known to Samet and Huggins. However, according to Huggins, he had not spoken to defendant in two or three years. Also, the record suggests that

Samet had previously purchased marijuana from defendant. Despite this, the trial court could properly have concluded that Winifred Moss, not defendant, was the true target of the investigation and that defendant's involvement was the result of his fortuitous proximity to Winifred Moss when Winifred was located by Samet. Further supporting the conclusion that defendant was not the target of the eavesdropping was the fact that the offenses by defendant of which evidence was obtained were not the drug-related offenses of which Winifred was apparently suspected, and that the agents promptly sought after-the-fact authorization for the surveillance as it actually occurred. We find no error here.

For the foregoing reasons, the judgment of the circuit court of Saline County is affirmed.

Affirmed.

JONES, P.J., and HARRISON, J., concur.