THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ROBERT D. PITCHFORD, Defendant-Appellee.

Fifth District   No. 82—220

Opinion filed April 26, 1983.

Tyrone C. Fahner, Attorney General, of Springfield, and Robert Shuff, State's Attorney, of Mt. Vernon (Michael A. Ficaro, Mark L. Rotert, and Michael Vujovich, Assistant Attorneys General, of counsel), for the People.

Donald E. Irvin, of Mt. Vernon, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Defendant Robert D. Pitchford, sheriff of Jefferson County, Illinois, was charged on December 7, 1981, with official misconduct, obstructing justice, solicitation to obstruct justice, conspiracy to obstruct justice, and obstructing a peace officer. These charges resulted from evidence obtained with an eavesdropping device. On April 12, 1982, the circuit court of Jefferson County granted the defendant's motion to suppress tape recordings of telephone conversations between the defendant and Wilbert E. Tobias, an informant for the Illinois Department of Law Enforcement. Without holding an evidentiary hearing, the trial court ruled that the documents submitted to the circuit court to obtain the eavesdropping order were facially deficient in three ways. The court held that the State's Attorney's authorization for use of an eavesdropping device was invalid because the State's Attorney signed it a few minutes before Tobias signed a written consent form. The court also held that application for the eavesdropping device failed to state reasonable cause. In addition, the court stated that the order was improper because the time limits it authorized had begun to run by the time the order was signed. The State appeals the order suppressing the evidence. 87 Ill. 2d R. 604(a).

The eavesdropping order was issued by the circuit court of Williamson County on December 3, 1981. Specifying in his petition what felony was about to be committed, Special Agent Donald E. Leckrone of the Illinois Division of Criminal Investigation alleged the following information:

"1. (a) Official Misconduct (Chapt. 38—33—3) and Obstructing Justice (Chapt. 38—31—4) The Ill. Div. of Crim. Investigation has been conducting a criminal investigation regarding gambling activity in and around the Jefferson County area. This investigation was initiated approx. August, 1981. On Dec. 3, 1981, at approx. 10:15 A.M., Jefferson Co. Sheriff Bob D. Pitchford advised Wilbert E. Tobias, whom the sheriff believes to be involved in gambling activities to tell his friends to 'pull back, the town's full of state police and treasury agents.' "

Special Agent Leckrone further stated in the petition that "Mr. Tobias will recontact Sheriff Pitchford and request further informa-

tion in regards to the previous conversation of Dec. 3, 1981." The application also requested that the eavesdropping device be used from 6 p.m. that day until 6 p.m. on December 6, 1981.

Other documents submitted to the circuit court of Williamson County included the State's Attorney's authorization approving the use of the device and Wilbert Tobias' written consent allowing his conversation to be recorded. The State's Attorney's authorization, signed by Robert Shuff, State's Attorney of Jefferson County, included a notation of the time as 6:30 p.m. on December 3, 1981. Tobias' consent form contained the notation that it was signed at 6:47 p.m. that day, and the eavesdropping order was issued by the court at 7:48 p.m. Later that night, two telephone conversations between Tobias and the defendant were recorded. These recordings led to the criminal charges against the defendant.

On appeal, the State argues that the trial court's order suppressing the evidence was erroneous for three reasons. We will consider each argument in turn.

■ First, the State asserts that the Illinois eavesdropping statute does not require that the State's Attorney have the consent of the informant before he signs a form seeking an eavesdropping order from a circuit judge. This court addressed a similar issue in *People v. Scribner* (1982), 108 Ill. App. 3d 1138, 440 N.E.2d 160. In that case, the sole written authorization by the consenting party included a date and time notation later than the time at which all surveillance was completed. Nonetheless, this court held that the consent by the participant in the conversation was proper, in part, because the statute requires only that the authorizing court find that one party "has or will have consented ***." (Ill. Rev. Stat. 1981, ch. 38, par. 108A—4(a); *People v. Scribner*.) Since a court need not be presented with proof either of past or present consent at the time of the eavesdropping application, the fact that Wilbert Tobias signed a consent form 17 minutes after the State's Attorney signed his authorization does not vitiate Tobias' consent to the eavesdropping in the instant case. *People v. Scribner*.

The State's second argument is that the trial court erred in finding the eavesdropping order insufficient on its face to establish reasonable cause. Specifically, the court held that paragraph 1(a) of the application, quoted in full above, did not explain how the police knew that the defendant believed informant Tobias to be involved in gambling activity.

The statutory requirements for obtaining permission to use an eavesdropping device are set forth in sections 108A—3 and 108A—4

of the Code of Criminal Procedure of 1963. The eavesdropping application must include "a statement of the facts and circumstances relied upon by the applicant to justify his belief that an order should be issued including *** details as to the felony that has been, is being, or is about to be committed ***." (Ill. Rev. Stat. 1981, ch. 38, par. 108A—3(a)(2)(a); *People v. Scribner*.) After this information is submitted to the circuit court, the judge must determine if "there is reasonable cause for believing that an individual is committing, has committed, or is about to commit a felony ***." (Ill. Rev. Stat. 1981, ch. 38, par. 108A—4(b).) The phrases "probable cause" and "reasonable cause" have been held to be "legally synonymous." *People v. Monoson* (1979), 75 Ill. App. 3d 1, 9, 393 N.E.2d 1239, 1246.

█ It is a well accepted principle that in determining the existence of reasonable cause, courts must view the application in a common sense fashion. (*People v. Sylvester* (1980), 86 Ill. App. 3d 186, 407 N.E.2d 1002; *United States v. Kirk* (8th Cir. 1976), 534 F.2d 1262.) Moreover, the Illinois statute does not require that reasonable cause be established solely from facts stated on the application; the statute allows for the court to request and consider "additional testimony, witnesses, or evidence in support of the application." (Ill. Rev. Stat. 1981, ch. 38, par. 108A—3(b); *People v. Moore* (1980), 90 Ill. App. 3d 760, 413 N.E.2d 516; see also *People v. Daehler* (1978), 57 Ill. App. 3d 944, 373 N.E.2d 776.) When the defendant in *People v. Moore* argued that there was insufficient information in an eavesdropping application to establish reasonable cause, the court held that such an application may properly plead only the felony involved, so long as the court is supplied with specific details through other evidence. *People v. Moore.*

The felonies involved in the case at bar were clearly stated by name and criminal code section number in paragraph 1(a) of the State's application. The application stated that the felonies of official misconduct and obstructing justice had been, were being, or were about to be committed. The Criminal Code of 1961 defines official misconduct as follows:

> "A public officer or employee commits misconduct when, in his official capacity, he commits any of the following acts:
>
> (a) Intentionally or recklessly fails to perform any mandatory duty as required by law; or
>
> (b) Knowingly performs an act which he knows he is forbidden by law to perform; or
>
> (c) With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority; or

(d) Solicits or knowingly accepts for the performance of any act a fee or reward which he knows is not authorized by law; or

(e) Knowingly and intentionally executes a false document which authorizes the disbursement of public funds or the disposal of public property.

\*\*\*'' (Ill. Rev. Stat. 1981, ch. 38, par. 33—3).

The Code's definition of obstructing justice states:

"A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly commits any of the following acts:

(a) Destroys, alters, conceals or disguises physical evidence, plants false evidence, furnishes false information; or

(b) Induces a witness having knowledge material to the subject at issue to leave the State or conceal himself; or

(c) Possessing knowledge material to the subject at issue, he leaves the State or conceals himself.

\*\*\*'' (Ill. Rev. Stat. 1981, ch. 38, par. 31—4).

Therefore, the test for reasonable cause in the case at bar is whether the totality of the facts and circumstances were sufficient to warrant the belief by a person of reasonable caution that at least one of these offenses had been, was being or would be committed. *People v. Sylvester.*

The trial court refused to hold an evidentiary hearing to determine what additional evidence, if any, was presented to the issuing judge. While the State should not have been limited to information on the face of its application to show that reasonable cause was established, we do not feel that this limitation imposed by the trial court rendered the information accepted by the court insufficient to support the eavesdrop.

■ The facts and circumstances described in the State's eavesdropping application would in themselves lead a person of reasonable caution to believe that the sheriff was taking steps to impede a police investigation. Even if the phrase objected to by the suppression judge—"whom the sheriff believes to be involved in gambling \*\*\*"—is stricken, the remaining portion of the application still establishes reasonable cause (see *People v. O'Dell* (1980), 84 Ill. App. 3d 359, 405 N.E.2d 809). The State's application quotes the sheriff as saying to informant Tobias, "pull back, the town's full of state police and treasury agents." Only a contorted interpretation of this statement would allow the conclusion that the sheriff's remarks did not concern the concealment of illegal activity from police detection. This conduct by a law enforcement official established reasonable cause for the circuit

judge to believe that a felony either had already been committed, was being committed, or was about to be committed. (*People v. Sylvester; People v. Moore.*) Therefore, the trial court erred when it held that the State's eavesdropping application was facially insufficient to establish reasonable cause.

■ The State's final argument is that there was no error in the entry of the eavesdropping order after the time limit specified in the order had begun to run because the order had no legal force until it was signed by a judge. Although the court order authorized eavesdropping as of 6 p.m. December 3, 1981, a notation by the issuing judge shows that he signed the document at 7:48 p.m. that day. The suppression court stated that this action "put the court in a position of authorizing illegal activity." We disagree. There is no suggestion in the record that any unauthorized, illegal eavesdropping actually took place. Accordingly, any error created by the inconsistency in the stated time of the order was only technical and did not 'warrant suppression of the evidence. *People v. Sylvester.*

For the foregoing reasons, we reverse the order of the circuit court of Jefferson County which suppressed the recorded conversations and remand this cause for further proceedings.

Reversed and remanded.

HARRISON, P.J., and KARNS, J., concur.