THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* SAM ELLIS, Defendant-Appellee.

Second District   No. 82—976

Opinion filed March 19, 1984.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

Patrick J. Williams and Terry A. Ekl, both of Connolly & Ekl, P.C., of Hinsdale, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

This appeal concerns the sufficiency of the application of Rafael Tovar, a Des Plaines police officer, for authorization to use an eavesdropping device to record his telephone conversations with defendant Sam Ellis, Sally Ellis, and Jeff and Donna Raymond, during a stated period of time on February 26, 1982. (Ill. Rev. Stat. 1981, ch. 38, par. 108A—3.) Based upon that application, a circuit judge of the Eighteenth Judicial Circuit found: (1) that Rafael Tovar had consented to the use of an eavesdropping device and would participate in the conversation or conversations expected to occur; (2) that there was reasonable cause to believe that the other party participating in said conversation or conversations was committing and had committed, and was about to commit, a felony under Illinois law and; (3) there was

reasonable cause for believing that particular conversations concerning a felony offense would be obtained through such use. The judge thereupon issued his order authorizing the use of an eavesdropping device during a specified period of time on February 26, 1982.

Subsequently, in granting a motion to suppress the recorded conversation with the defendant Sam Ellis, a different judge of the Eighteenth Judicial Circuit reviewed the original application for authority to eavesdrop and came to a contrary conclusion. The second judge found that the facts set forth in Tovar's application failed to set forth reasonable cause for believing that the defendant Sam Ellis was about to commit a felony, or that the conversation sought to be intercepted would produce any information to be used in a felony prosecution. These conclusions of the second judge were based upon certain technical problems which he noted within the application, the judge's determination that the information given in the application was at best minimal regarding Sam Ellis and any delivery of a controlled substance, and that such information appeared to be stale. The question before this court thus becomes which of the two trial judges acted correctly: the trial judge who issued the order authorizing the use of the eavesdropping device or the second trial judge who, in effect, reversed the first order by granting the motion to suppress.

■■ Where, as here, the issuing judge bases his or her decision solely upon the application, that application must set forth sufficient facts from which the necessary reasonable cause determination can be made. (See *People v. Monoson* (1979), 75 Ill. App. 3d 1; *People v. Wassell* (1983), 119 Ill. App. 3d 15.) The application must be strictly scrutinized (*People v. Monoson* (1979), 75 Ill. App. 3d 1, 5-6), in order to determine whether the totality of the facts and circumstances asserted is sufficient to warrant a person of reasonable caution to believe that a felony has been, is being, or is about to be committed, and that particular conversations concerning that felony will be obtained through the eavesdropping. (*People v. Sylvester* (1980), 86 Ill. App. 3d 186, 197; see Ill. Rev. Stat. 1981, ch. 38, par. 108A—4; *People v. Pitchford* (1983), 115 Ill. App. 3d 164, 168.) The application should be viewed in a common sense fashion. (*People v. Sylvester* (1980), 86 Ill. App. 3d 186, 197.) It need not prove beyond a reasonable doubt that a crime has been committed nor even establish a *prima facie* case; only a probability of criminal activity need be shown. (See *People v. O'Dell* (1980), 84 Ill. App. 3d 359.) An application is insufficient if it fails to set forth any particulars which would establish a belief that a certain offense had been, was being, or would be committed and that the conversation to be monitored would relate to that offense. (*People v.*

*Monoson* (1979), 75 Ill. App. 3d 1, 6; see *People v. Wassell* (1983), 119 Ill. App. 3d 15.) Where authorization was granted improperly, *e.g.*, due to a lack of an adequate basis, the intercepted conversation and evidence derived therefrom should be suppressed. Ill. Rev. Stat. 1981, ch. 38, par. 108A—9; see *People v. Monoson* (1979), 75 Ill. App. 3d 1.

It is the issuing judge, however, who must first make the determination as to whether or not the application, considered as a whole, is sufficient to authorize the eavesdropping. The conclusions of the issuing judge regarding the existence of reasonable cause for believing that defendant was committing, or had committed, an offense and for believing that particular conversations concerning the offense would be obtained through eavesdropping are to be accorded great deference by subsequent judges in reviewing his actions. See *United States v. Marcello* (C.D. Cal. 1982), 531 F. Supp. 1113, 1117.

With these above principles in mind we have undertaken our own review of the application of Rafael Tovar for authority to use an eavesdropping device. We conclude from our examination that there is reliable information contained in the application to establish that on seven described occasions between November 13, 1981, and December 8, 1981, Tovar purchased drugs from the Raymonds, and that there is sufficient information from which a person of reasonable caution could likely conclude that the defendant Sam Ellis was the Raymonds' supplier of drugs between the above dates and thus had participated in criminal offenses. There was additional information contained in the application from which a reasonable person could also conclude that Ellis was willing to participate in future exchanges of drugs and cash for stolen property, and that further conversations with Ellis and the Raymonds might reasonably lead to information concerning Ellis' participation in both past and future offenses. The hiatus between the last contact of Tovar and Ellis on December 10, 1982, and the proposed eavesdropping on February 26, was not of such length of time as to make unreasonable the issuing judge's belief that relevant information might be forthcoming from the planned eavesdropping on February 26. See *People v. O'Dell* (1980), 84 Ill. App. 3d 359 (two-year lapse not sufficient to make unreasonable the belief that defendant's participation in the offense might become the subject of a conversation with one of his co-participants).

■ Giving due deference, as we must and as the second trial judge should have, to the determination of the issuing judge, we conclude that his findings are supported by the application for authority to eavesdrop and were sufficient to authorize his order permitting the eavesdropping. The second judge's determination that the application

of Tovar was insufficient to permit the issuance of the eavesdropping order was erroneous.

■ We have also reviewed the alleged procedural defects upon which the second trial judge relied to support his suppression order. The fact that the State's Attorney's consent and authorization for the application was executed prior to Tovar's consent, while arguably improper, does not require suppression. (*People v. Pitchford* (1983), 115 Ill. App. 3d 164, 166.) Further, there is no statutory requirement that the application specify how the eavesdropping would occur or what devices would be used (see Ill. Rev. Stat. 1981, ch. 38, par. 108A—3); consequently, this is not a basis for suppression. See *People v. Kezerian* (1979), 77 Ill. 2d 121; *People v. Sylvester* (1980), 86 Ill. App. 3d 186; see *People v. Moore* (1980), 90 Ill. App. 3d 760.

Another procedural deficiency which the trial court relied on was the fact that no notice was sent to defendant after the eavesdropping occurred. The Code of Criminal Procedure of 1963, section 108A—8, requires that parties to monitored conversations be notified within 90 days after termination of the order permitting eavesdropping of both the entry of such order and its date, the period during which eavesdropping was authorized, whether eavesdropping devices were used, and whether any conversations were recorded. (Ill. Rev. Stat. 1981, ch. 38, par. 108A—8.) However, while the eavesdropping statute is to be strictly construed (*People v. Monoson* (1979), 75 Ill. App. 3d 1, 5-6), not all statutory violations require suppression. (See *People v. Sylvester* (1980), 86 Ill. App. 3d 186.) Suppression is required only where there is a failure to satisfy any of the statutory requirements which directly and substantially implement the legislative intent to limit the use of eavesdropping procedures. (*People v. Nieves* (1982), 92 Ill. 2d 452, 458; *People v. Sylvester* (1980), 86 Ill. App. 3d 186, 192.) Where there is a failure to comply with statutory requirements for post-interception procedures, suppression depends upon whether: (1) the particular safeguard is central to the legislative scheme of preventing abuses; (2) the purpose the particular procedure was designed to accomplish has been satisfied despite the error; and (3) the statutory requirement was deliberately ignored and, if so, whether the State gained any tactical advantage thereby. *People v. Nieves* (1982), 92 Ill. 2d 452, 458-59.

■ The purpose of the notice provision is to make the defendant aware of the conversations overheard and enable him to make any appropriate motions to suppress the contents. The notice requirement is thus an important procedural safeguard, necessary to prevent abuses of eavesdropping devices. However, the purpose of this requirement

was satisfied here since the State was required, pursuant to discovery procedures (87 Ill. 2d R. 412(b)), to disclose any electronic surveillance to defendant by May 24, 1982; a date within the statutory notice period of 90 days after the termination of the eavesdropping order. Nor is there any suggestion or claim by defendant that this statutory requirement was deliberately ignored. (See Ill. Rev. Stat. 1981, ch. 38, par. 108A—8.) Under these circumstances, the failure to notify defendant would not warrant suppression.

The order of the trial court of November 12, 1982, sustaining defendant's motion to suppress the eavesdropped conversations is reversed and the matter is remanded to the trial court for further proceedings.

Reversed and remanded.

NASH and UNVERZAGT, JJ., concur.