THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRED SILVER, Defendant-Appellant.

First District (4th Division)   No. 84—0463

Opinion filed December 24, 1986.—Rehearing denied January 23, 1987.

Patrick T. Driscoll, Jr., of Chicago (Patrick T. Driscoll, Jr., and J. Heyda, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Paula M. Carstensen, and Joanne M. Roddy, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, defendant, Fred Silver, was found guilty of possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1981, ch. 56½, par. 1401(a)(2)) and the delivery of a controlled substance (Ill. Rev. Stat. 1981, ch. 56½, par. 1405). He was sentenced to a term of six years' imprisonment in the Illinois Department of Corrections.

On appeal, defendant argues that (1) the trial court erred in failing to suppress the use of recorded conversations, occurring on February 9, 1982, where the authorization for such recording was executed by an assistant State's Attorney without any authority to do so; (2) the trial court erred in failing to quash a warrant issued on February 9, 1982, to search him and his residence, and failed to suppress the evidence recovered upon the execution of the search warrant where that warrant failed on its face to establish probable cause for

its issuance; (3) the trial court erred in failing to suppress evidence which was seized pursuant to a search warrant where the issuing judge improperly considered the complaint for the search warrant simultaneously with the application for judicial approval to record conversations; and (4) the trial court erred in not suppressing evidence subsequent to his arrest where the arresting officers did not knock and announce their office prior to entering his residence.

We affirm.

Defendant does not challenge any portion of the proceedings at trial. All of his arguments concern issues raised at the pretrial hearing on his motions to suppress evidence. Thus, instead of reciting the pertinent facts at this time, we will state them in the body of defendant's argument.

▆▆ Defendant first contends that the trial court erred in failing to suppress the use of recorded conversations where the authorization for the recording was executed by an assistant State's Attorney without authority to do so. Defendant argues that pursuant to section 108A—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 108A—1), only the State's Attorney, not his assistants, can authorize the application for judicial approval of the use of eavesdropping devices.

At the hearing on the motion to suppress the recorded conversations, Jeffrey Kent, deputy State's Attorney, testified that he was given the authority to sign applications for use of eavesdropping devices on behalf of the Cook County State's Attorney, Richard M. Daley, in his absence. He stated that on February 8, 1982, he had attempted to contact the State's Attorney to have him sign such an application but was informed that the State's Attorney was ill. Deputy State's Attorney Kent signed the authorization on behalf of the State's Attorney. On February 9, 1982, Edward Ronkowski, assistant State's Attorney, telephoned Kent regarding a consent-to-overhear order. Kent instructed Ronkowski to read, verbatim, the application to him, after which he attempted to contact the State's Attorney but was unable to do so. Kent then authorized Ronkowski to sign the order. Ronkowski signed his name to the order, indicating that it was on behalf of Deputy State's Attorney Kent. Kent further testified that he did not attempt to locate the two higher ranking members of his office before he gave approval to Ronkowski to sign the forms.

Section 108A—1 of the Code of Criminal Procedure provides: "The State's Attorney may authorize an application to a circuit judge for *** an order authorizing or approving the use of an eavesdropping device ***." (Ill. Rev. Stat. 1981, ch. 38, par. 108A—1.) Defend-

ant argues that the word "The" in the statute shows a legislative intention that only the State's Attorney himself can authorize application for use of an eavesdropping device.

Suppression is required only where there is a failure to satisfy any of the statutory requirements which directly and substantially implement the legislative intent to limit the use of eavesdropping procedures. *People v. Ellis* (1984), 122 Ill. App. 3d 900, 904, 461 N.E.2d 646, 650-51.

■■ In *People v. Sylvester* (1980), 86 Ill. App. 3d 186, 407 N.E.2d 1002, the State's Attorney gave an oral authorization to his deputy State's Attorney, who in turn orally authorized an assistant State's Attorney to sign the order. The court held that although the application did not contain the identity of the State's Attorney authorizing it, the drastic remedy of suppression was inappropriate for a technical violation. Similarly, in this case, the signing of the application by an assistant State's Attorney after a good-faith attempt to contact the State's Attorney is only a technical violation. We do not believe that such authorization, when the State's Attorney is unavailable for a reason such as illness, will undermine the general purpose of the statute, which is to protect individual privacy against unwarranted invasions. (See 86 Ill. App. 3d 186, 407 N.E.2d 1002.) However, our holding is strictly limited to situations where there has been a good-faith attempt to contact the State's Attorney and he is unavailable for a reason such as illness. See also *People v. Swimley* (1978), 57 Ill. App. 3d 116, 372 N.E.2d 887.

■■ ■ Defendant next contends that the trial court erred in failing to quash a search warrant issued on February 9, 1982, and failed to suppress the evidence subsequently recovered because the warrant failed on its face to establish probable cause for its issuance. He argues that the activities in which he and Scott Prisant (the State's informant) were engaged can be characterized as normal, everyday activities; thus, no probable cause was established.

In determining whether there was probable cause to issue a search warrant, the court looks to the totality of the circumstances. Whether the complaint is sufficient depends on whether the complaint, considered as a whole, adequately establishes that there was a fair probability that evidence of a crime would be found in a particular place. (*People v. Jones* (1985), 105 Ill. 2d 342, 357, 475 N.E.2d 832, 839, quoting *People v. Gacy* (1984), 103 Ill. 2d 1, 22, 468 N.E.2d 1171, 1178.) The task of an issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "ba-

sis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates* (1983), 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332.

On February 9, 1982, a search warrant was signed by the trial judge. The complaint for the search warrant contained an affidavit by Agent Claude Kaysen alleging the following: that on December 7, 1981, at 2680 Golf Road, Glenview, Prisant, the informant, delivered to Kaysen what purported to be one-fourth ounce of cocaine; that Prisant told Kaysen that he was going to his source to obtain the cocaine and that he would also stop at "Jim's" house to "drop off a gram"; that Kaysen spoke with several "MEG" agents who told him that Prisant went directly to defendant's residence at 3807 Grace in Glenview; thereafter, he proceeded to 10305 Michael Todd Road, in Glenview, to the home of Jim DePietro, and then returned to meet Kaysen; and that an expert chemist informed Kaysen that the one-fourth ounce delivered to him contained 7.5 grams of cocaine.

In the same affidavit, Kaysen stated that on January 29, 1982, he met Prisant at 3754 Salem Walk, Northbrook, to discuss future deliveries of cocaine. During this conversation, Prisant made a telephone call and ordered some cocaine. Kaysen observed Prisant dial a number which was confirmed by Illinois Bell Telephone to be listed in defendant's name.

Kaysen detailed several other drug transactions between Prisant and his source. The complaint also contained a tip from a confidential informant that Prisant's source of cocaine was defendant. The informant had previously supplied Kaysen with information that resulted in the recovery of controlled substances on three separate occasions.

Based on the above, and other information supplied by Agent Kaysen, we conclude that the trial court had probable cause to issue a search warrant.

█ Defendant next contends that the trial court erred in not suppressing evidence obtained pursuant to a search warrant where the issuing judge improperly considered the complaint for a search warrant simultaneously with the application for judicial approval to record conversations.

Section 108A—4(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1981, ch. 38, par. 108A—4(b)) governs the issuing of an eavesdropping order. It permits the issuing of such order where there is reasonable cause for believing that an individual is committing, has committed, or is about to commit a felony under Illinois law. The court in *People v. Ellis* (1984), 122 Ill. App. 3d 900, 902-03, 461

N.E.2d 646, 649, citing various cases, stated what must be considered in determining whether an eavesdropping order was properly granted:

> "Where, as here, the issuing judge bases his or her decision solely upon the application, that application must set forth sufficient facts from which the necessary reasonable cause determination can be made. [Citations.] The application must be strictly scrutinized [citation] in order to determine whether the totality of the facts and circumstances asserted is sufficient to warrant a person of reasonable caution to believe that a felony has been, is being, or is about to be committed, and that particular conversations concerning that felony will be obtained through the eavesdropping. [Citations.] The application should be viewed in a common sense fashion. [Citation.] It need not prove beyond a reasonable doubt that a crime has been committed nor even establish a *prima facie* case; only a probability of criminal activity need be shown. [Citation.] An application is insufficient if it fails to set forth any particulars which would establish a belief that a certain offense had been, was being, or could be committed and that the conversation to be monitored would relate to that offense. [Citations.]"

The issuing judge's finding or conclusion regarding the existence of reasonable cause for believing that defendant was committing or had committed an offense and for believing that particular conversations concerning the offense would be obtained through eavesdropping are to be accorded great deference by subsequent judges in reviewing his actions. (122 Ill. App. 3d 900, 903, 461 N.E.2d 646.) The "totality of the circumstances" test enunciated in *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317, for determining the probable cause for issuance of a search warrant is applicable to determine if reasonable cause exists for issuance of an order authorizing the use of an eavesdropping device. *People v. Hammer* (1984), 128 Ill. App. 3d 735, 738, 471 N.E.2d 615, 618.

■ Our review of the record indicates that the events detailed in the affidavit for the search warrant and the application for the eavesdropping order are virtually the same. Therefore, there is no need to state the contents of the affidavit, since we detailed such contents earlier in this opinion. Just as we concluded that there was probable cause to issue a search warrant, there was also probable cause to issue the eavesdropping order, relying on the same information contained in the affidavit for a search warrant but restated in the application for the eavesdropping order. As to defendant's argument that the trial court improperly considered a complaint for the search war-

rant in issuing the order, there is no indication in the record that the trial court improperly considered evidence in granting the order or the warrant.

■ Defendant lastly contends that the trial court erred in failing to suppress the evidence seized subsequent to his arrest where the arresting officers allegedly failed to knock and announce their office prior to entering defendant's home.

A review of the record indicates there is conflicting evidence as to where defendant was arrested. Officer Eric Larson of the Wheeling police department testified that as he proceeded toward defendant's house to arrest him, he observed Scott Prisant walk out of defendant's house, followed by defendant. He approached defendant and asked him whether his name was Fred Silver. Defendant answered, "Yes," and Larson informed him that he had a warrant for his arrest and a search warrant for his house. At that time, the officers entered defendant's house. Defendant testified that he was sitting in his office, which is located just inside the entranceway to his house, when he heard the door open, looked up, and saw the officers.

In a bench trial, it is the province of the trial court to determine the credibility of the witnesses and the weight to be given their testimony. The court's findings will not be disturbed on appeal unless they are palpably erroneous. (*People v. Roper* (1983), 116 Ill. App. 3d 821, 824, 452 N.E.2d 748, 749-50.) Here, the trial judge heard the testimony of defendant and the officers; he expressly accepted Agent Larson's testimony that defendant was arrested outside his residence and rejected defendant's version that he was ambushed while sitting at the desk in his office. Because the trial judge was in a better position to determine the credibility of the witnesses, we accept his express findings that defendant was arrested outside of his house. Consequently, here, the "knock and announce" rule does not apply.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P.J., and JIGANTI, J., concur.