No. 2--00--1309
________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 SECOND DISTRICT
________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court
OF ILLINOIS, ) of De Kalb County.
 )
 Plaintiff-Appellant, )
 ) No. 00--CF--137
v. )
 )
ROBERT BOCKMAN, ) Honorable
 ) Douglas R. Engel,
 Defendant-Appellee. ) Judge, Presiding.
_________________________________________________________________

 JUSTICE CALLUM delivered the opinion of the court:
 The State charged defendant, Robert Bockman, with two counts of
burglary (720 ILCS 5/19--1(a) (West 2000)). Defendant moved to suppress
evidence that consisted of recordings of certain conversations. The trial
court granted the motion after determining that the applications for
authority to use an eavesdropping device to overhear and record the
conversations were deficient. The State appeals and contends that the
applications were not deficient. Alternatively, the State contends that,
even if the applications were deficient, it was error to suppress the
recordings because the police acted in good-faith reliance on the orders
that authorized the use of the eavesdropping device. We affirm.
 We initially note that defendant has not filed an appellee's brief in
this court. However, we will consider the merits of the appeal under First
Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133
(1976).
 On February 9, 2000, Robert Redel, a De Kalb police detective,
submitted an application (application No. 1) to Judge Douglas R. Engel for
authority to use an eavesdropping device. Application No. 1 sought
authority to use the device from 4 p.m. on February 9, 2000, through 3:59
p.m. on February 19, 2000.
 Application No. 1 included a detailed description of a report of a
burglary Mark Wolff allegedly gave to the De Kalb police on February 8,
2000. Application No. 1 indicated that Wolff told the police that the
burglary had occurred about a week and a half earlier and that Wolff had
committed the burglary with Jerry Cook and defendant. Application No. 1
also indicated that Wolff told the police about another burglary that
occurred on January 30, 2000, and that, based on Wolff's description of the
burglaries, Redel believed that a felony had been committed.
 In addition to describing the burglaries, application No. 1 indicated
that Redel had been authorized by the De Kalb County State's Attorney to
apply to a judge for authority to use an eavesdropping device and that a
copy of the State's Attorney's authorization was attached to application
No. 1. Application No. 1 stated that the State's Attorney's authorization
was "made a part hereof as Exhibit A."
 Exhibit A was signed by an assistant State's Attorney. Exhibit A
stated that Redel had been authorized to apply to a judge to use an
eavesdropping device during the times indicated on Application No. 1 "to
overhear (and record) a conversation or conversations occurring between
MARK A. WOLFF consenting party, and ROBERT A. BOCKMAN AND JERRY COOK."
 On February 9, 2000, Judge Engel issued an order (order No. 1)
authorizing Redel and the De Kalb police department to use an eavesdropping
device to overhear and record conversations among Wolff, Cook, and
defendant during the period indicated in application No. 1. Order No. 1
stated that there was reasonable cause to believe that defendant and Cook
had committed a Class 2 felony burglary and that conversations concerning
the felony would be obtained through the use of the eavesdropping device.
The order specified that Wolff consented to the use of the device.
 On February 24, 2000, Redel submitted another application
(application No. 2) to Judge Engel for authority to use an eavesdropping
device. Application No. 2 was virtually identical to application No. 1
with respect to the description of the burglaries and the parties involved
in the burglaries. However, application No. 2 was different in that it
indicated that it was an application for an extension of a previous order,
and it sought the authority to use the eavesdropping device from 4 p.m. on
February 24, 2000, through 3:59 p.m. on March 4, 2000.
 Like application No. 1, application No. 2 referred to a copy of a
State's Attorney's authorization to apply to a judge for an order
authorizing the use of an eavesdropping device and stated that the State's
Attorney's authorization was attached to application No. 2 as Exhibit A.
The State's Attorney's authorization attached to application No. 2
contained the same information as the State's Attorney's authorization
attached to application No. 1. Application No. 2 incorporated Exhibit A as
a part of the application.
 On February 24, 2000, Judge Engel issued an order (order No. 2)
authorizing Redel and the De Kalb police department to use an eavesdropping
device for the period specified in application No. 2. Like order No. 1,
order No. 2 authorized the use of an eavesdropping device to record
conversations among Wolff, Cook, and defendant and identified Wolff as the
consenting person. Order No. 2 also stated that there was reasonable cause
to believe that defendant and Cook had committed a Class 2 felony burglary
and that conversations concerning the felony would be obtained through the
use of the device.
 On March 9, 2000, defendant was charged by complaint with two counts
of burglary. The State later charged defendant by information. Defendant
moved to suppress evidence. The motion sought to suppress conversations
between defendant and Wolff that were recorded during the periods specified
in orders No. 1 and No. 2.
 At a hearing on the motion, defendant argued that both application
No. 1 and application No. 2 were not completed in full compliance with the
governing statutes. Defendant first asserted that the applications did not
comply with sections 108A--3(2)(b), 108A--3(2)(c), and 108A--3(2)(d) of the
 Code of Criminal Procedure of 1963 (Code) (725 IlCS 5/108A--3(2)(b)
through (d) (West 2000)). These sections provide that each application for
an order authorizing the use of an eavesdropping device shall include:
 "(b) a description of the type of communication sought to be
 monitored; (c) the identity of the party to the expected conversation
 consenting to the use of an eavesdropping device; (d) the identity of
 the person, if known, whose conversations are to be overheard by the
 eavesdropping device." 725 ILCS 5/108A--3(2)(b) through (d) (West
 2000).
 Defendant also argued that the applications were deficient because
they did not include facts to establish reasonable cause to believe that
conversations would occur relating to the felonies. To support this
argument, defendant cited section 108A--4 of the Code, which provides, in
relevant part:
 "The judge may authorize or approve the use of the eavesdropping
 device where it is found that: ***
 (b) there is reasonable cause for believing that an individual
 is committing, has committed, or is about to commit a felony under
 Illinois law;
 (c) there is reasonable cause for believing that particular
 conversations concerning that felony offense will be obtained through
 such use." 725 ILCS 5/108A--4(b), (c) (West 2000).
 With respect only to application No. 2, defendant also argued that
the application was deficient because it failed to comply with sections
108A--3(4) and 108A--3(5) of the Code (725 ILCS 5/108A--3(4), (5) (West
2000)). These sections provide that each application to use an
eavesdropping device shall include:
 "(4) a statement of the existence of all previous applications
 known to the individual making the application which have been made to
 any judge requesting permission to use an eavesdropping device
 involving the same persons in the present application, and the action
 taken by the judge on the previous applications;
 (5) when the application is for an extension of an order, a
 statement setting forth the results so far obtained from the use of
 the eavesdropping device or an explanation of the failure to obtain
 such results." 725 ILCS 5/108A--3(4), (5) (West 2000).
 Following the hearing, Judge Engel, the same judge who issued orders
No. 1 and No. 2, took the matter under advisement. Judge Engel
subsequently suppressed the recordings, ruling that "the exact letter of
the law was not followed in obtaining the eavesdropping order." The
State's timely notice of appeal and certificate of impairment followed.
 On appeal, the State contends that applications for authority to use
an eavesdropping device should be read in a commonsense manner and that,
when the applications in this case are so read, they complied with the
letter and spirit of the governing statutes. In the State's view, Judge
Engel improperly second-guessed his decisions to issue orders No. 1 and No.
2, and his original decisions to approve the applications should stand.
Alternatively, the State contends that, even if the applications were
deficient, the recordings should not have been suppressed because the
police relied in good faith on the orders authorizing the use of the
eavesdropping device.
 Generally, when a motion to suppress evidence involves factual
determinations or credibility assessments, a reviewing court will not
reverse a trial court's ruling unless it was manifestly erroneous. People
v. Buss, 187 Ill. 2d 144, 204 (1999). However, where, as here, the facts
are not in dispute and the credibility of the witnesses is not at issue,
our review is de novo. People v. Anthony, 198 Ill. 2d 194, 201 (2001).
 This case involves a situation where one party to a recorded
conversation purportedly consented to the use of an eavesdropping device.
The restrictions placed on the use of an eavesdropping device in such
situations are statutory. People v. Sylvester, 86 Ill. App. 3d 186, 190
(1980). Because Illinois citizens are entitled to be safeguarded from
unnecessary governmental surveillance and other unreasonable intrusions
into their privacy, the statutory restraints on eavesdropping must be
strictly construed with respect to all requests and consents for the
authority to use an eavesdropping device. People v. Monoson, 75 Ill. App.
3d 1, 5 (1979). This court has recently reiterated the need to strictly
construe statutes governing the use of an eavesdropping device. People v.
Nunez, 325 Ill. App. 3d 35, 45 (2001).
 In applying these principles to this case, we agree with the State's
argument that both applications provided sufficient information to comply
with sections 108A--3(2)(b), 108A--3(2)(c), and 108A--3(2)(d) of the Code
(725 ILCS 5/108A--3(2)(b) through (d) (West 2000)). Each application
referred to an attached State's Attorney's authorization that was expressly
made a part of the application. The trial court therefore should have
considered each State's Attorney's authorization to be a part of the
application to which it was attached. The State's Attorney's
authorizations provided information sufficient to satisfy the requirements
in question by describing the type of communications to be monitored (a
conversation or conversations), by identifying the consenting party
(Wolff), and by identifying the persons whose conversations were to be
overheard (Cook and defendant).
 However, we disagree with the State's argument that the applications
contained facts sufficient to establish a reasonable belief that
conversations concerning the described felony would be obtained through the
use of the eavesdropping device. We realize that this requirement is not
in section 108A--3 of the Code (725 ILCS 5/108A--3 (West 2000)), the
section that addresses the requirements for applications to use an
eavesdropping device. Rather, it is in section 108A--4(c) of the Code (725
ILCS 5/108A--4(c) (West 2000)). Nonetheless, it is properly deemed a
requirement in an application (see People v. Ellis, 122 Ill. App. 3d 900,
902-03 (1984)).
 Here, neither the applications themselves nor the attached State's
Attorney's authorizations contained anything that could be construed as a
factual basis sufficient to establish a reasonable belief that
conversations regarding the alleged felonies would be obtained through the
use of the proposed eavesdropping device. For this reason, we conclude
that the trial court correctly determined that both of the applications
were deficient.
 We also disagree with the State's argument that application No. 2
satisfied the requirements for an application for an extension of the use
of an eavesdropping device under sections 108A--3(4) and 108A--3(5) of the
Code (725 ILCS 5/108A--3(4), (5) (West 2000)). Application No. 2 indicated
that there had been a previous application for the use of an eavesdropping
device involving the same persons and that application No. 2 was for an
extension of a previous order authorizing the use of an eavesdropping
device. Therefore, application No. 2 may have complied with section 108A--
3(4) in a general sense. However, application No. 2 contained nothing that
could reasonably be construed as a "statement setting forth the results so
far obtained from the use of the eavesdropping device or an explanation of
the failure to obtain such results" as is required by section 108A--3(5)
(725 ILCS 5/108A--3(5) (West 2000)). Thus, in addition to its deficiency
for failing to contain facts sufficient to establish reasonable cause to
believe that conversations would be obtained concerning the alleged felony,
application No. 2 was also deficient because it failed to comply with
section 108A--3(5).
 The State's reliance on People v. Manuel, 294 Ill. App. 3d 113
(1997), People v. Ellis, 122 Ill. App. 3d 900 (1984), and People v.
Scribner, 108 Ill. App. 3d 1138 (1982), as authority for the principle that
applications should be read in a commonsense manner, does not change our
conclusions. In each of those cases, the court was able to determine from
the totality of the circumstances or in some other way that the State had
met the requirements for an application for authority to use an
eavesdropping device. In this case, there simply is nothing in the record
that shows that the mandatory requirements in question were satisfied.
 We recognize that, at the hearing on the motion to suppress, the
State sought to present additional evidence that might show that the
requirements had been satisfied through Judge Engel's questioning of Redel.
 However, the State made no offer of proof indicating what the evidence
might be. Thus, the record contains nothing that supports the State's
position.
 Alternatively, the State contends that, even if the applications were
deficient, it was error to suppress the recordings because the officers who
used the eavesdropping device did so in good-faith reliance on orders No. 1
and No. 2. To support this contention, the State relies on United States
v. Moore, 41 F.3d 370 (1994).
 In Moore, law enforcement officials applied to a judge for an order
authorizing the use of a wiretap. The application satisfied all of the
statutory requirements, and the judge signed an order authorizing the use
of the wiretap. A police officer asked the judge for a copy of the signed
order but was inadvertently given an unsigned copy. The United States
Court of Appeals agreed with the district court that the unsigned order was
facially insufficient, but decided against suppressing the evidence
obtained through the wiretap because the police officer acted in good-faith
reliance on the fact that the otherwise valid order had been signed by the
judge. Moore, 41 F.3d at 376-77.
 In this case, unlike in Moore, the record indicates that the
mandatory statutory requirements for an application to use an eavesdropping
device were not fulfilled. In addition, nothing in the record shows that
Redel could have concluded in good faith that the statutory requirements
had been satisfied. Therefore, we conclude that the good-faith exception
to the exclusionary rule does not apply here.
 Based on the foregoing, the judgment of the circuit court of De Kalb
County is affirmed.
 Affirmed.
 HUTCHINSON, P.J., and GEIGER, J., concur.